UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
JOSEPH MOTYKA,

               Plaintiff,

  -against-                      **MEMORANDUM AND ORDER**
                                    15-cv-01909 (FB)
CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

               Defendant.
------------------------------------------------------x

*Appearances:*
*For the Plaintiff*                               *For the Defendant*
PHILIP H. SEELIG                        ROBERT L. CAPERS
Seelig Law Offices, LLC               United States Attorney
299 Broadway, Sutie 1600            Eastern District of New York
New York, New York 10007           271 Cadman Plaza East, 7th Floor
                                                                 Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

       Joseph Motyka ("Motyka," "plaintiff," or "claimant") seeks review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability benefits under the Social Security Act ("SSA"). Both parties move for judgment on the pleadings. For the reasons stated below, plaintiff's motion is DENIED, and the Commissioner's motion is GRANTED.

**I.**

       Formerly employed by the New York Fire Department as an inspector supervisor,

Motyka stopped working on January 31, 2011. As of that date, Motyka allegedly suffered from diabetes mellitus, obesity, and generalized anxiety disorder. Motyka's medical history also included an episode of major-depressive disorder and a period of marijuana and cocain dependence in his distant past. He filed an application for disability and disability insurance benefits on November 15, 2011. Motyka's claim was initially denied on February 29, 2012. At Motyka's request, a hearing was held before the Administrative Law Judge ("ALJ") on July 1, 2013.

On July 19, 2013, the ALJ held that Motyka was not disabled within the meaning of the SSA. Applying the SSA's five-step sequential evaluation process,[1] the ALJ determined that: (1) Motyka had not engaged in substantial gainful activity since January 31, 2011, the alleged onset date; (2) his diabetes mellitus, obesity, generalized anxiety disorder, major-depressive disorder (single episode), and history of marijuana and cocain dependence in remission constitute severe impairments; and (3) Motyka nonetheless did not have a specific impairment or combination of impairments that meet or medically equal the SSA's requisite level of severity, as set forth in 20 C.F.R. 404, Subpart P, Appendix 1, so as to trigger his automatic classification as disabled.

---

[1] SSA regulations establish a five-step process for evaluating disability claims. The Commissioner must find that a claimant is disabled if she determines "(1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one that conclusively requires a determination of disability, . . . (4) that the claimant is not capable of continuing in his prior type of work, [and] (5) there is not another type of work the claimant can do." *Draegert v. Barnhart*, 311 F.3d 468, 472 (2d Cir. 2002) (citing 20 C.F.R. § 404.1520(b)-(f)). The burden of proof is on the claimant for the first four steps, but shifts to the Commissioner at the fifth step. *See* 20 C.F.R. § 404.1560(c)(2); *Shaw v. Chater*, 221 F.3d 126, 132 (2d Cir. 2000).

The ALJ then determined that Motyka had the residual functional capacity ("RFC") to perform less than a full range of light work, as defined in 20 C.F.R. 404.1567(b).[2] The ALJ thereupon applied this RFC to the remaining step and determined that Motyka, though unable to perform any past relevant work, could perform other work pursuant to the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. In particular, based on Motyka's "age, education, past relevant work experience, and residual functional capacity," the ALJ concluded that plaintiff possessed skills transferable to other occupations with jobs existing in significant numbers in the national economy, such as ticket seller, hand packager, assembler of small parts, clerk, sorter, informational aide, and receptionist. AR 20.

The Appeals Council denied Motyka's request for review, and the ALJ's decision thereby became the Commissioner's final one. Motyka has sought timely review, arguing that, because both his two treating physicians classified him as disabled and his credible testimony supported his claims of total disability, the Commissioner's decision that he was not disabled was in error. The Court considers each reason in turn.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. §

---

[2] Namely, Motyka was found to have "the ability to occasionally lift and/or carry up to 20 pounds, and frequently carry up to 10 pounds," "to stand and/or walk (with normal breaks) of up to 6 hours in an 8-hour workday," and "to frequently climb ramps or stairs." AR 14.

3

405(g).  "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *cited in, e.g.*, *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013).  The Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Abbas v. Colvin*, No. 6:14-CV-0959 (GTS), 2015 WL 4078234, at *3 (N.D.N.Y. July 6, 2015) (citing *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992)); *see also, e.g.*, *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984) ("The court may not substitute its own judgment for that of the Secretary, even if it might justifiably have reached a different result[.]").  "[T]he reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983).

### A. Treating Physical Rule

Plaintiff argues that the ALJ failed to correctly apply the treating physician rule when it did not give controlling weight to the opinions of his two treating doctors: John Greenbaum ("Greenbaum") and Rajashree Patil ("Patil").  Essentially, Greenbaum concluded that, due to his "mental abilities," plaintiff was unable to meet competitive standards and lacked the ability to function in a regular work setting, his disability total. AR 18.  The ALJ, however, discounted Greenbaum's opinion because his conclusions regarding Motyka's mental state and residual capacity (1) "were drastically inconsistent with the claimant's reported activities

4

of daily living"; (2) were inconsistent with those of two consultative examiners, Lamberto Flores ("Flores") and Richard King ("King"); (3) were "inconsistent with his own treatment notes, which indicate that the claimant has fairly normal mental status examination with the exception of a depressed/sad mood and a constricted effect"; and (4) relied on a methodology–the global assessment of functioning–which he described as "highly subjective" due to its "intertwin[ing]" of "psychological symptoms, physical impairments, and socioeconomic factors." *Id.* Patil, meanwhile, concluded that claimant's physical limitations made it impossible for him to work for any sustained period of time; he was therefore totally disabled. *Id.* at 17–18. While the ALJ did not completely reject Patil's conclusion regarding Motyka's physical limitations, he gave her opinion "little weight" due to her failure to "provide support for her conclusion that the claimant can only occasionally lift up to 10 pounds" and that opinion's inconsistency with "other medical evidence in the record." *Id.* at 17.[3]

The treating physician rule establishes that "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(c)(2)). If the ALJ

---

[3] Plaintiff also fault the ALJ for not granting pivotal weight to his nurse practitioner. However, "the diagnosis of a nurse practitioner should not be given the extra weight accorded a treating physician." *Mongeur*, 722 F.2d at 1039.

5

does not afford it controlling weight, he must provide "good reasons for the weight given to that opinion." *Garcia v. Comm'r of Soc. Sec.*, No. 15 Civ. 6544 (GWG), 2016 WL 5369612, at *3 (S.D.N.Y. Sept. 23, 2016) (internal quotation marks omitted) (citing *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)). Failing to do so "is a ground for remand." *Id.* (internal quotation marks omitted) (quoting *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999)).

As his decision explains, the ALJ gave little weight to the conclusion of plaintiff's treating doctors regarding his disability based on reports submitted by two other medical experts, their detailed notes and examinations, and Motyka's acknowledged activities. He thus did not discount the opinion of Motyka's treating physicians for "no reason" or "the wrong reason." *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2007) (internal quotation marks omitted). Instead, he combed through the evidence submitted by Motyka and compared his doctors' determinations with other medical professionals' comprehensive conclusions. AR 18 ("In sum, the above residual functional capacity assessment is supported by the opinion of the psychiatric consultative examiner and the psychiatric state agency consultant, who both opine that the claimant has the ability to perform simple and complex tasks."); *id.* at 518 (Flores' determination, which concludes that Motyka's "[s]tatus of employment based on physical examination is unlimited by symptomology"); *id.* at 521 (King's conclusions, including "can perform routine activities of living and household chores," "[s]peech coherent and relevant," "[n]o thought disorder," "[a]ffect slightly constricted, not overtly depressed, anxious or inappropriate," and "[i]ntellectual functioning in the average range"). From this

6

perusal, he first uncovered and then pinpointed apparent inconsistencies that undercut the validity of the medial assertions of Motyka's preferred professionals as to the extent of his disability.

The ALJ's decision to give limited weight to Motyka's favored doctors was therefore supported by "specified reason[s]," mined from an extensive record, *Otts*, 249 F. App'x at 889, and "contradictory medical evidence," *Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999); *see also, e.g.*, *Stevens v. Barnhart*, 473 F. Supp. 2d 357, 362 (N.D.N.Y. 2007) ("[T]he less consistent an opinion is with the record as a whole, the less weight it is to be given."); *Sanabria v. Comm'r of Soc. Sec.*, 303 F. App'x 834, 837 (11th Cir. 2007) ("Good cause exists when the treating physician's opinion is not supported by the evidence or . . . is conclusory or inconsistent with the physician's own medical record."). By so explaining how and why the opinions of Motyka's medical trio were contradicted by the record's other substantial evidence, the ALJ avoided any reliance on "lay opinion" or "speculation," *Morales*, 225 F.3d at 317, and provided the "good reason" sufficient to justify his ultimate decision. *See, e.g.*, *Halloran*, 362 F.3d at 32 ("[T]he opinion of the treating physician is not afforded controlling weight where . . . [these] opinions that are not consistent with other substantial evidence in the record, such as the opinions of other medical experts."); *Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) (upholding the ALJ's determination "[where] portions of the ALJ's decision and the evidence before him indicate[d] that his conclusion was supported by substantial evidence").

**B. Credibility**

Plaintiff also argues that the ALJ erred by finding that Motyka's "statements concerning the intensity, persistence and limiting effect of [his impairments were] not entirely credible" to support his claim of total disability. AR 17. No ALJ may reject such subjective statements "*solely* because the available medical evidence does not substantiate" them. 20 C.F.R. § 416.929(c)(2) (emphasis added); *see also Hilsdorf v. Comm'r of Soc. Sec.*, 724 F. Supp. 2d 330, 350 (E.D.N.Y. 2010) (quoting regulation). However, an ALJ must "consider whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between [claimant's] statements and the rest of the evidence." 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4); *see also Puente v. Comm'r of Soc. Sec.*, 130 F. Supp. 3d 881, 894 (S.D.N.Y. 2015) (quoting regulations). Based on such a review, he may then "properly choose not to credit . . . [an applicant's] claims regarding . . . impairments" if "the other evidence in the record . . . contradict[s] them." *Brooks v. Comm'r of Soc. Sec.*, No. 15 Civ. 4707 (GWG), 2016 WL 4940208, at *9 (S.D.N.Y. Sept. 15, 2016); *see also, e.g.*, *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (ALJ "is not required to accept the claimant's subjective complaints without question[.]").

The record here does so. AR 17 (noting that Flores concluded that "the claimant had no physical limitation in his ability," that another doctor determined that "claimant was capable of working in a low stress environment," the absence of any documentation of "psychiatric symptoms" during one of Motyka's examinations, and Motyka's admission that he "stopped working because he received a poor evaluation at work and had a fear of termination" and that he still had "the ability to engage in a variety of activities"). The ALJ

8

thus did no less than what the law allows and requires, utilizing credible medical findings and testimonial evidence so as to "arrive at an independent judgment . . . regarding the true extent of the pain alleged by the claimant," *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979); *accord Genier*, 606 F.3d at 49, that was not "patently unreasonable," as the law alone forbids. *Pietrunti v. Director, Office of Workers' Comp. Programs*, 119 F.3d 1035, 1042 (2d Cir. 1997). Substantial evidence in the record supports the ALJ's finding that Motyka's allegations of total disability were not entirely credible, and his decision cannot be deemed so unreasonable as to be reversed.

## III.

For the aforementioned reasons,[4] plaintiff's motion is DENIED, and the Commissioner's motion is GRANTED.

**SO ORDERED**

/s/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 24, 2016

---

[4] The Commissioner also argues that substantial evidence supported the ALJ's determination that the plaintiff was capable of performing a significant number of existent jobs and that the evidence submitted to the Appeals Council did not provide a basis for overturning the ALJ's decision. Motyka does not address these arguments–nor need this Court–since he contends that he is totally disabled. In any event, "[i]t is well established that an argument not raised on appeal is deemed abandoned and lost." *United States v. Joyner*, 313 F.3d 40, 44 (2d Cir. 2002) (internal quotation marks omitted).